**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 21-1693

EARL COOK,

        Plaintiff - Appellant,

    v.

UNITED PARCEL SERVICE, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cv-00042-KDB-DSC)

Submitted:  March 14, 2022                      Decided:  April 12, 2022

Before AGEE and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Todd J. Combs, COMBS LAW, PLLC, Mooresville, North Carolina, for Appellant.  J. Day Peake, III, PHELPS DUNBAR LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Cook appeals the district court's order granting summary judgment to his former employer, United Parcel Service, Inc. (UPS), on his claims raised under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 (ADA).[*] Finding no error, we affirm the district court's order.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

---

[*] Cook also raised North Carolina state law claims, but he concedes that these claims are dependent on his ADA claims.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This "includes . . . not making reasonable accommodations." 42 U.S.C. § 12112(b)(5)(A). Thus, to establish a cognizable ADA claim—whether based on failure to accommodate or wrongful termination—the plaintiff must establish that he was a "qualified individual with a disability." *See Laird v. Fairfax Cnty.*, 978 F.3d 887, 892 (4th Cir. 2020) (failure to accommodate); *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (wrongful termination). A "qualified individual" is one who "can perform the essential functions of the employment position they hold or desire, either with or without reasonable accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238 (4th Cir. 2021) (cleaned up).

To determine whether a plaintiff satisfies this requirement, courts must consider: "(1) whether [he] could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue"; and "(2) if not, whether any reasonable accommodation by the employer would enable [him] to perform those functions." *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994) (cleaned up). "A job function is essential when 'the reason the position exists is to perform that function,' when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(2)).

3

"[T]he decision about a position's essential functions belongs, in the first instance, to the employer; it accordingly merits considerable deference from the courts." *Elledge v. Lowe's Home Ctrs., LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020) (internal quotation marks omitted). "While the ADA identifies a position's written job description as relevant to the employer's judgment on this question, it does not posit that description as dispositive." *Id.* (citation omitted). Thus, courts "must consult the full range of evidence bearing on the employer's judgment, including the testimony of senior officials and those familiar with the daily requirements of the job." *Id.*

The district court correctly concluded that an essential function of the preload supervisor position was to lift packages in excess of the 20-pound restriction that Cook had as a result of his stroke. The job description itself states that a supervisor must be able to lift 70 pounds. Cook admitted in his deposition and in his application for disability benefits that at times he had to lift packages in excess of 20 pounds—filling in for employees who were absent or taking a break, shifting packages on the conveyor belt, or cleaning up broken packages. Additionally, Cook's supervisor believed that he needed to lift large packages. While Cook tries to point to the collective bargaining agreement to show that he was prohibited from lifting packages, this does not negate his own testimony that he regularly lifted large packages.

Cook does not dispute that he could not lift packages greater than 20 pounds, and thus the question becomes whether he could "perform the essential functions of his job with reasonable accommodation." *Id.* at 1011 (cleaned up). "The ADA defines reasonable accommodation as one that may include job restructuring, part-time or modified work

4

schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies and other similar accommodations." *Id.* (cleaned up). "[T]he employer, exercising sound judgment, possesses ultimate discretion over these alternatives." *Id.* (internal quotation marks omitted).

The district court did not err in finding that UPS did not fail to offer a reasonable accommodation. Cook has only identified two possible accommodations—having other employees perform any lifting greater than 20 pounds or reassignment to the package data supervisor position. The first accommodation is not reasonable because "employers do not need to change a job's essential functions or split them across multiple employees." *Id.* at 1013. As for the other position, it was not vacant, and "no employer is required to reassign where reassignment would bump another employee from his position." *Id.* at 1014 (internal quotation marks omitted).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5